UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NOLA J. RASSMUSSEN, et. al., | CASE NO. 3:15-cv-05591-RJB |
| Plaintiff, | ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CLIFFORD M. MCNUTT, et. al., | |
| Defendant. | |

This matter comes before the court on Plaintiff's Motion for Summary Judgment. Dkt. 18. The court has considered the pleadings filed in support of and in opposition to the motion and the file herein. Oral argument has been requested, but is not necessary to decide the motion.

Plaintiff filed her Complaint (Dkt. 1) on August 20, 2015, seeking damages for injuries resulting from a car accident allegedly caused by Defendant's negligence. Plaintiff now moves for summary judgment on three claims and five affirmative defenses. *Id.*  The claims are: (1) the accident at issue was caused by the negligence of Defendant; (2) the obligation for that negligence is an obligation of Defendant's marital community; and (3) Plaintiff sustained injuries

as a result of the accident at issue. *Id.* The defenses are: (1) Plaintiff failed to mitigate; (2) Plaintiff's negligence caused her injuries; (3) comparative negligence; (4) Plaintiff failed to keep a good lookout; and (5) non-party at fault. *Id.*  Defendant concedes that Plaintiff was injured (claim 3), and agrees to strike affirmative defenses 1 and 5. Dkt. 19, at 3 and 6.

For the reasons stated below, the remaining portions of Plaintiff's Motion for Summary Judgment should be granted.

## I. RELEVANT FACTS AND PENDING MOTION

### A. RELEVANT FACTS

On January 16, 2013, Plaintiff was traveling southbound on SR 161 (Meridian) in Graham, Washington. Dkt. 16. Defendant attempted to exit a parking lot after getting a haircut, and moved his vehicle onto the road. Dkt. 19, at 2.  As he merged onto the road, the parties' vehicles collided. *Id.* As described in the police report,

> Unit One was making a right turn [onto] SB SR 161 at 187th Street E.  Unit Two was traveling SB on SR 161 in lane one of two.  Unit One entered SR 161 and failed to yield the right of way to Unit Two.  Unit Two moved [into] lane two of two in an attempt to avoid hitting Unit One.  Unit Two hit Unit One in the driver's and left rear passenger side door, flipping Unit One [onto] its side.  Unit One and Unit Two came to rest in the center turn lane of SR 161.

Dkt. 20-1, at 4. Plaintiff was injured in the collision. Dkt. 1, at 10; Dkt 19, at 2.

Although portions of the record indicate Defendant may have been turning left, the majority of the record supports Defendant's contention that he was turning right. Defendant describes the accident as follows: "As I merged … onto 161 South, I looked left.  And then I saw a stop lighted intersection 3 or 400 feet away with a light that was turning – was yellow, turning red, and on the other side of the light a white vehicle was approaching that light… So I proceeded, knowing I had no problems to merge and enter and go. As I was merging into the first lane, I looked up and there she was, this big, white Ford hit me broadside." Dkt. 20-1, at 9.  "I

just looked up and here is this white big Ford emblem plowing into the side of me. And there was a lady at the steering wheel, and she was looking down." *Id.* When asked how soon before the collision Defendant observed the other driver, he responded, "it was just like that. I mean instant." *Id.* at 10.

### B. PENDING MOTION FOR SUMMARY JUDGMENT

In the present motion, Plaintiff argues, "when a driver pulls out from private property without yielding the right of way to traffic already established on the public street," that driver is negligent as a matter of law. Dkt. 18, at 4. Plaintiff asserts that Defendant had an obligation to "see and appreciate the presence of all vehicles on the road and to allow them a fair margin of safety." *Id.* at 5 *citing Petersavage v. Bock,* 72 Wash. 2d 1, 4-5 (1967). Plaintiff further argues that Washington law dictates that negligent torts subject the marital community to liability, and that she has proven that she sustained injuries. *Id.* at 5.

With regard to affirmative defenses, Plaintiff argues Defendant can produce no evidence to establish a *prima facie* case for any of the defenses at issue. Dkt. 18, at 6.

In his response, Defendant argues that his testimony establishes questions of fact regarding his negligence and Plaintiff's negligence. Dkt. 19, at 4. Defendant claims that the marital community is not liable because his alleged acts "were not done for the benefit of the community." *Id.* at 5. Defendant stipulates that Plaintiff sustained injuries, but disputes the nature and extent of those injuries. *Id.* at 3. Defendant agrees to strike affirmative defenses regarding non-parties at fault and failure to mitigate, but argues that there is sufficient evidence to defeat summary judgment regarding Plaintiff's negligence and comparative fault. *Id.* at 6.

In her Reply, Plaintiff argues that in determining whether Defendant was negligent, Defendant's testimony regarding the direction he was turning and his allegations regarding

1  Plaintiff's actions are irrelevant because Defendant violated RCW 46.61.205 by not yielding the

2  right of way. Dkt. 22, at 2.  Plaintiff also points out that Defendant relies on case law regarding

3  intentional torts (rather than negligence) in arguing against liability on behalf of the marital

4  community. *Id.* Plaintiff does not address the affirmative defenses in her Reply.

5  **C.  SUMMARY JUDGMENT STANDARD**

6  Summary judgment is proper only if the pleadings, the discovery and disclosure materials

7  on file, and any affidavits show that there is no genuine issue as to any material fact and that the

8  movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c). The moving party is

9  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

10  showing on an essential element of a claim in the case on which the nonmoving party has the

11  burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

12  of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

13  for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

14  (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

15  metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

16  material fact exists if there is sufficient evidence supporting the claimed factual dispute,

17  requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

18  *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

19  *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

20  The determination of the existence of a material fact is often a close question.  The court

21  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

22  e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect.*

23  *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

24

of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

The instant action was removed to this Court based on diversity of the parties. Dkt. 1. Accordingly, the issues presented are governed by Washington State law. *See Insurance Co. N. Am. v. Federal Express Corp.*, 189 F.3d 914, 919 (9th Cir. 1999).

## II. DISCUSSION

### A. CLAIMS

*1. Defendant's Negligence*

Under RCW 46.61.205, "[t]he driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles lawfully approaching on said highway." The driver on the highway is considered the favored driver, and the driver entering the highway is considered disfavored. *See e.g., Petersavage v. Bock,* 72 Wash. 2d. 1 (1967); *Mossman v Rowley,* 154 Wash. App. 735 (2009). The disfavored driver has "a positive duty to stop, observe all traffic upon the arterial and yield the right of way to all traffic moving in either direction." *Petersavage*, 72 Wash. 2d at 5.

In this case, it is undisputed that Defendant was the disfavored driver entering onto the highway. As such, it was his obligation "as a matter of law to provide a fair margin of safety in entering" the highway. *Id*. Defendant points to no evidence that he properly yielded the right of

way to Plaintiff. Defendant did not comply with RCW 46.61.205. Summary judgment should be granted on Plaintiff's claim that Defendant was negligent.

   2. *Liability of the Community*

In Washington, "[n]ormal, legitimate recreational activities on the part of either spouse … promote and advance the general welfare of the community." *King v. Williams*, 188 Wash. 350, 351 (1936). "The community 'benefit' necessary to impose liability has been broadly interpreted." *deElche v. Jacobsen,* 95 Wash.2d 237, 239 (1980). "The combination of the management rule, benefit rule, family purpose doctrine, and imposition of liability when one of the spouses has been engaged in legitimate recreational activity has meant that, in practice, the community with few exceptions has been found liable for all torts except 'purely personal altercations' and alienation of affection-type suits." *Id.* at 239. Defendant cites only to cases involving intentional torts – intentional automobile collisions, battery, child abuse, and alienation of affection – in support of his argument that the marital community should not be liable in this case. *See* Dkt. 19, at 5. None of these are normal, legitimate recreational activities, but are purely personal actions. Defendant points to no evidence that the accident at issue was a "purely personal altercation" and the claims are not for alienation of affection. Rather, the claims here are for negligence, and a trip to the barber falls under the broad interpretation of "community benefit." *See e.g., Moffitt v. Krueger*, 11 Wash.2d 658, 120 P.2d 512 (1941) (wife drinking with friends); *see also King v. Williams,* 188 Wash. 350, 62 P.2d 710 (1936) (husband on his way to a dance). Liability on behalf the marital community attaches. Summary judgment should be granted on this claim.

**B. AFFIRMATIVE DEFENSES**

The three remaining affirmative defenses – Plaintiff's negligence caused her injuries, comparative negligence, and failure to keep good lookout – involve Plaintiff's alleged negligence. Plaintiff moves for summary dismissal of these defenses.

"The disfavored driver bears the primary duty to avoid a motor vehicle accident." *Sanchez v. Haddix*, 95 Wash.2d 593, 597, 627 P.2d 1312 (1981).

> One driving upon an arterial highway has a right to assume that cars entering upon it will yield the right of way, and he is not obliged to anticipate that vehicles standing or approaching to enter will fail to yield the right of way. Only when it becomes apparent to the favored driver that the disfavored driver will not yield, is he required to react concerning this possible danger. When, in the exercise of reasonable care, it becomes apparent to the favored driver that the disfavored driver will not yield the right of way, the favored driver is, nevertheless, still entitled to a reasonable reaction time before he can be charged with contributory negligence.

*Petersavage*, 72 Wash. 2d at 5 (*citing Archibald v. Gossard,* 65 Wash.2d 486, 397 P.2d 851 (1965); *Bellantonio v. Warner,* 47 Wash.2d 550, 288 P.2d 459 (1955); *Massengale v. Svangren,* 41 Wash.2d 758, 252 P.2d 317 (1953)).

The essential question is whether behavior such as excessive speed "prevents the favored driver, between the point of notice and the point of impact, from avoiding a collision." *See Channel v. Mills*, 77 Wash.App. 268, 277, 890 P.2d 535 (1995); *Mossman v. Rowley,* 154 Wash.App. 735 (2009). To show proximate cause, Defendant here must "produce evidence from which the trier of fact can infer the favored driver's approximate point of notice." *Bowers v. Marzano,* 170 Wash.App. 498, 506 (2012) *citing Channel v. Mills,* 77 Wash.App. 268, 279, 890 P.2d 535 (1995). "Therefore, failure to establish the favored driver's point of notice gives rise to summary judgment." *Id.* at 507 *citing Whitchurch v. McBride,* 63 Wash.App. 272, 277 (1991).

ORDER ON PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT- 7

     Defendant testified that Plaintiff was speeding, may have run a red light, and was looking downward right before the collision. Dkt. 19, at 4. However, Defendant also testified that he looked away from Plaintiff's vehicle before turning onto the highway and that when he looked back, the collision was imminent. Dkt, 19; Dkt. 20-1. Defendant has not produced evidence that would establish a point of notice, from which a trier of fact could determine whether "a reasonable favored driver would still have time to maneuver to avoid the accident." *Bowers v. Marzano,* 170 Wassh.App. at 506. Defendant's knowledge is limited to the period before Plaintiff could have had notice that Defendant would fail to yield and the instant at which collision was unavoidable. Defendant is unable to show that Plaintiff could have or should have avoided the collision. His testimony about Plaintiff's speed, failure to keep a lookout, and negligence is only speculation, not evidence. As such, summary dismissal of the affirmative defenses that Plaintiff was negligent should be granted.

### III.    ORDER

Therefore, it is hereby **ORDERED** that

- Plaintiff's Motion for Summary Judgment (Dkt. 18) **IS GRANTED**:
- As to Plaintiff's claims,
- The accident occurring on January 16, 2013 and which is the subject of this litigation was caused by the negligence of Defendant Clifford McNutt;
- The obligation, if any, of the Defendant Clifford McNutt for his negligence in causing the accident of January 16, 2013 is an obligation of the marital community composed of the Defendants McNutt; and
- The Plaintiff Nola Rasmussen sustained injuries in the accident of January 16, 2013.

ORDER ON PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT- 8

- Defendant's affirmative defenses, (1) failure to mitigate; (2) Plaintiff's injuries were caused by her own negligence; (3) comparative negligence; (4) failure to keep a good lookout; and (5) non-party at fault, **ARE DISMISSED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 28th day of April, 2016.

_____
ROBERT J. BRYAN
United States District Judge